Herman Enrique **WESTERHEYDE,**
**et al., Petitioners,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 02–70372.
INS No. A70–642–052/053.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Aug. 7, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Herman Enrique Westerheyde ("Westerheyde") and his wife, Guadalupe Westerheyde petition for review of the Board of Immigration Appeals' ("BIA") final decision dismissing their appeal from the denial of their applications for asylum and withholding of deportation under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1253(h) (1994). We have jurisdiction under former 8 U.S.C. § 1105(a), as amended by the transitional rules in section 309(c)(4) of the Illegal Immigration

** This disposition is not appropriate for publication and may not be cited to or by the

Reform and Immigrant Responsibility Act of 1996. See Kalaw v. INS, 133 F.3d 1147, 1149–50 (9th Cir.1997). We deny the petition.

In their petition, the Westerheydes argue that the BIA erred in finding that they were ineligible for asylum and withholding of deportation. Westerheyde alleges that, because he received threatening letters in his capacity as a local leader of the Christian Democratic Party and because guerrillas coerced him into treating their wounded men, he suffered past persecution on account of his political opinion and has a well-founded fear of future persecution on account of his political opinion. Mrs. Westerheyde's asylum claim is premised on her "membership in a particular social group" and is based on the danger she faces because of the alleged persecution suffered by her husband.

I. Asylum

■ We review the BIA's ruling that an applicant has not proven eligibility for asylum under the substantial evidence standard. Cardenas v. INS, 294 F.3d 1062, 1065 (9th Cir.2002). An applicant is eligible for asylum if he or she is unable or unwilling to return to his or her country of origin because of "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A) (1994). If the applicant can establish past persecution based on one of the enumerated grounds, there is a rebuttable presumption that he or she has a well-founded fear of future persecution. Salazar–Paucar v. INS, 281 F.3d 1069, 1073–74 (9th Cir.), amended by 290 F.3d 964 (9th Cir.2002).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The BIA's ruling that Westerheyde did not suffer past persecution on account of his political opinion is supported by substantial evidence. The threatening letters he received were based on his political opinion, but they did not constitute past persecution because they were not "so menacing as to cause significant actual suffering or harm." *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (citation and quotation marks omitted). Further, even assuming *arguendo* that Westerheyde was persecuted when the guerrillas coerced him to provide them with medical treatment, there is nothing in the record which indicates that the guerrillas persecuted him on account of his political opinion. *Cf. Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997) (stating the requirements for establishing past persecution based on political opinion).

■ Westerheyde also argues that, even without the past persecution presumption, he established a well-founded fear of persecution based on one of the enumerated grounds. In order to establish a well-founded fear of future persecution based on one of the enumerated grounds, the applicant must establish that his or her fear is "subjectively genuine" and "objectively reasonable." *Salazar–Paucar*, 281 F.3d at 1073. The two threatening letters, which were not accompanied by any other actions against Westerheyde or his colleagues, are insufficient to support an objectively reasonable fear of future persecution. *See, e.g., Lim*, 224 F.3d at 935 (in addition to death threats, applicant appeared on a death list and was followed, and three of his colleagues were murdered). Further, because Westerheyde's problems with the guerrillas were not based on one of the enumerated grounds, they do not support an objectively reasonable fear of future persecution on account of one of the enumerated grounds. There is substantial evidence in the record supporting the BIA's finding that Westerheyde did not establish a well-founded fear of future persecution based on one of the enumerated grounds and, therefore, was not eligible for asylum. Because Mrs. Westerheyde's asylum claim was premised upon Westerheyde's past persecution and fear of future persecution, her claim also fails.

## II. Withholding of Deportation

An applicant is entitled to withholding of deportation if there is a "clear probability" that his or her life or freedom would be threatened in the country of deportation on account of his or her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1) (1994); *Kataria v. INS*, 232 F.3d 1107, 1112–13 (9th Cir.2000). The standard for withholding of deportation is more stringent than the standard for asylum, and, therefore, failure to prove eligibility for asylum necessarily constitutes failure to prove eligibility for withholding of deportation. *Cf. Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Because the Westerheydes are ineligible for asylum, they are also ineligible for withholding of deportation.

Petition DENIED.

FERGUSON, Circuit Judge, dissenting.

I respectfully dissent. The majority holds that the repeated death threats received by Herman Enrique Westerheyde "are insufficient to support an objectively reasonable fear of future persecution." Maj. Op. at 748 (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000)). This holding directly conflicts with the law in this Circuit, which clearly instructs that multiple death threats, even when not accompanied by open confrontation or physical harm, are sufficient to show a reasonable fear of

future persecution. *See Lim*, 224 F.3d at 935. A petitioner need not wait until there has been an execution in order to establish a reasonable fear of persecution. Because the evidence that Westerheyde introduced is sufficient to find that his fear of persecution if returned to Guatemala is objectively reasonable, I dissent.

In 1988, Westerhyde joined a government opposition party in Guatemala, the Christian Democrats. In 1990, he campaigned on behalf of the Christian Democrats' candidate for the presidency and ran for local office as a member of that party. In 1991, four months after he and the other candidates lost the election, the major Christian Democrat leaders in Westerhyde's hometown, including Westerhyde, received a death threat at their party headquarters. The letter listed Westerhyde explicitly, stating that he and three others were guilty of corruption for supporting the Christian Democrats and that they were going to be "eliminated." Two months later, Westerheyde and his political colleagues received another letter stating the same thing. Westerheyde testified that he believed both letters were sent by government death squads.

First, it is important to note that the Immigration Judge ("IJ") found Westerheyde credible and accepted his testimony. In other words, the IJ believed Westerheyde was telling the truth about the nature of his persecution. "Because the immigration judge is in the best position to evaluate an alien's testimony, his or her credibility determinations are to be given 'much weight.'" *Estrada v. INS*, 775 F.2d 1018, 1021 (9th Cir.1985) (quoting *Phinpathya v. INS*, 673 F.2d 1013, 1019 (9th Cir.1981), *rev'd on other grounds*, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984)).

Second, the facts adduced by Westerheyde clearly support his contention that he has a well-founded fear of future persecution. "To effect a well-founded fear, a threat need not be statistically more than fifty-percent likely; ... even a one-tenth possibility of persecution might effect a well-founded fear." *Lim*, 224 F.3d at 934 (*citing INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). In *Lim*, as in this case, the petitioner received death threats and was placed on a "death list" as a result of his political activities. *See id.* at 935. We found the petitioner established a well-founded fear of future persecution. *Id.* Similarly, in *Cardenas v. INS*, we held that repeated death threats to a petitioner were sufficient to support a reasonable fear of future persecution. *Cardenas v. INS*, 294 F.3d 1062, 1064, 1067 (9th Cir. 2002).

The majority distinguishes *Lim* on the basis that, in *Lim*, the petitioner presented evidence that he was followed and his colleagues were murdered.[1] Maj. Op. at 748. However, our law is clear that a petitioner does not actually have to wait for his family or co-activists to be murdered, or until harm is literally right around the corner, in order to qualify for asylum. Death threats alone are sufficient. *See Briones v. INS*, 175 F.3d 727, 728 (9th Cir.1999) (presuming testimony was credible, evidence of single letter listing petitioner on political death list sufficient to show *past* persecution); *see also Lim*, 224 F.3d at 936 (collecting cases on well-founded fear on the basis of threats alone).

The majority appears to conflate the test for fear of future persecution, which

---

1. The majority also asserts that the facts of *Lim* are distinguishable because Lim was placed on a "death list." *Id.* However, it is clear from the record that Westerheyde was also placed on a death list.

**750**

requires only that the fear "be both subjectively genuine and objectively reasonable," *Lim*, 224 F.3d at 934 (*citing Cardoza–Fonseca*, 480 U.S. at 430–31), with that of the test for past persecution, which sets a much more stringent standard for threats. As we explained in *Lim*, "[o]ur court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution[.]" *See Lim*, 224 F.3d at 936 (collecting cases). By contrast, "[t]hreats standing alone ... constitute past persecution ... when the threats are so menacing as to cause significant actual 'suffering or harm.'" *Id.* (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)). The majority's holding, which implicitly requires actual death or immediate menacing before a petitioner can make a showing of a well-founded fear, fundamentally misconstrues the requirements for cases alleging fear of future persecution. The majority points to no caselaw which supports its position, as the Supreme Court has explicitly rejected such a heightened standard. *See Cardoza–Fonseca*, 480 U.S. at 449 ("to show a 'well-founded fear of persecution,' an alien need not prove that it is more likely than not that he or she will be persecuted in his or her home country.").

In this case, Westerheyde's fear is both subjectively genuine and objectively reasonable. Westerheyde has clearly demonstrated well-founded facts which entitle him to asylum relief. I therefore dissent.